# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **ONTARIO SAMUELS** | **CIVIL ACTION NO. 05-1062-M** |
| **VS.** | **SECTION P** |
| **WARDEN DEVILLE, ET AL.** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is Ontario Samuels's *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on June 13, 2005. Samuels is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana. However, he complains of a series of incidents that occurred while he was incarcerated at the Caldwell Parish Detention Center (CPDC), Grayson, Louisiana.

Plaintiff names CPDC Wardens Deville and Gaines, the LCS Corrections Services, Inc., and the CPDC as his defendants. He seeks damages in the amount of $20,000 for false imprisonment and for having been "falsely accused..." He also asks for $15,000 for pain, suffering, and stress. He also prays that Wardens Deville and Gaines be fired or that "...Columbia ... drop the charges against ..." him and that there be a "full evaluation of Caldwell Detention Center security staff..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On March 15, 2005 plaintiff was placed in "lock-down" with another unidentified inmate.

Sometime later plaintiff was returned to the general population. Shortly after his return to general population, he was returned to "lock down." He was not advised of the reason for this action and claims that he did not receive a disciplinary report.

Plaintiff was apparently accused of raping the unidentified inmate with whom he had been locked-down. Plaintiff claims that CPDC did not properly investigate the unidentified inmate's complaint. As a result of this incident, plaintiff has been charged with forcible rape in Louisiana's Thirty-seventh Judicial District Court.[1]

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner is allowed to proceed in forma pauperis in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

---

[1] This conclusion is based upon that aspect of plaintiff's prayer for relief which seeks to "...have Columbia to drop the charge against me..." [See Doc. 1, Paragraph V] The undersigned notes that Columbia is the parish seat of Caldwell Parish and the site of the 37th Judicial District Court. This conclusion is also based upon the following statement in plaintiff's statement of claim, "...Security failed to properly handle an [sic] serious allegation of forcible rape..." This conclusion was also verified by the District Attorney's Office for Caldwell Parish which acknowledged that forcible rape charges are indeed pending against Mr. Samuels as a result of the incident which was alleged to have occurred on March 15, 2005.

2

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint specifically describes his theories of liability with respect to each named defendant. The thoroughness of the complaints convinces the court that plaintiff has pled his best case and need not be afforded any further opportunity to amend. Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that the plaintiff has failed to state a claim for which relief may be granted and recommends dismissal of

the complaint as frivolous.

## 2. *Heck v. Humphrey* Considerations

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held:

> ... in order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254....
>
> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, at 486-487.

In essence, *Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding state convictions.

While other circuits have applied *Heck* to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges [see *Washington v. Summerville*, 127 F.3d 552, 556 (7th Cir. 1998), *cert. denied*, 523 U.S. 1073, 118 S.Ct. 1515, 140 L.Ed.2d 668 (1998); *Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir. 1996); *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir.2001); *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir.1999); *Covington v. City of New York*, 171 F.3d 117, 124-25 (2d Cir.1999); *Uboh v. Reno*, 141 F.3d 1000, 1006-07 (11th Cir.1998); *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir.1999); *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir. 2000)], the Fifth Circuit has opted for a

more cautious approach.[2]

In *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995) the court was confronted with a civil rights complaint alleging an illegal arrest. Based upon the pleadings before the court, the Fifth Circuit concluded that at the time he filed his civil rights complaint, petitioner was still awaiting trial on charges filed following an allegedly unlawful arrest. The court, in their statement of the case, noted, "Mackey, a Terry County, Texas Jail inmate, filed this suit on June 22, 1994, pursuant to 42 U.S.C. § 1983 against four law enforcement officers and a prosecutor asserting, *inter alia*, an unreasonable search and seizure claim." *Mackey*, 47 F.3d 745. The matter came before the Fifth Circuit on the plaintiff's appeal of the district court's *sua sponte* dismissal of his civil rights claims based upon the holding in *Heck*. The Fifth Circuit noted, the "... district court held that, to the extent Mackey sought tort damages in his section 1983 action, his claim was not actionable unless and until the validity of his conviction is called into question and therefore dismissed his claim." *Id.*

---

[2] *Hamilton v. Lyons*, 74 F.3d 99 (5th Cir. 1996) was cited in *Smith v. Holtz*, supra at p. 113, and has been cited in numerous district court cases arising in the United States District Court for the Northern District of Texas as "...interpreting *Heck* to prevent accrual of § 1983 claims that would necessarily imply the invalidity of convictions on <u>pending</u> criminal charges." See *Williams v. Reynolds*, 2004 WL 1585881 (N.D.Tex. 7/31/2004); *McMillen Nunley*, 2003 WL 22227863 (N.D.Tex. 9/25/2003); *Martinez v. McMullen*, 2003 WL 22083626 (N.D.Tex. 9/8/2003); *Tinney v. Tarrant County Sheriff's Dept.*, 2002 WL 32332834 (N.D. Tex. 11/5/2002); *Parker v. Moreno*, 2002 WL 1758181 (N.D.Tex. 7/26/2002); *Mamoth v. Dallas County Mun. Court*, 2002 WL 1331995 (N.D.Tex. 6/13/2002); *Martinez v. Texas Dept. of Protective and Regulatory Services*, 2002 WL 83748 (N.D.Tex. 1/14/2002); *Ramos v. Texas Dept. of Protective and Regulatory Services*, 2001 WL 1658085 (N.D.Tex. 12/21/2001); Tucker v. Dallas Police Dept., 2001 WL 1658098 (N.D.Tex. 12/21/2001); *Escamilla v. Dallas Police Dept.*, 2001 WL 1338302 (N.D.Tex. 10/18/2001); *Patterson v. City of Terrell*, 2001 WL 305844 (N.D.Tex. 3/29/2001). However, *Hamilton* clearly does not involve the application of *Heck* to <u>pending</u> criminal charges. See *Hamilton* at 103-104, "If we were to find that Lyons coerced Hamilton to give a statement concerning the charges pending against him, that judgment would necessarily <u>imply the invalidity of his subsequent convictions</u> and sentences on those charges."

Thereafter, the court concluded,

> The record <u>does not clearly reflect</u> that a successful attack on Mackey's arrests will implicate the validity of his confinement. It <u>is not clear</u> whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*... At this point <u>it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*</u>. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be <u>difficult to determine</u> the relation, if any, between the two. *Id.* at 746. (emphasis supplied)

In *Guillory v. Wheeler*, 303 F.Supp.2d 808 (M.D.La. 2/6/2004), the court was confronted with a similar scenario, articulated by the court as follows, "Plaintiff alleged in his complaint that during an incident which occurred on August 31, 2002, he was verbally and physically assaulted, without provocation, by defendant Dwayne Wheeler, a police officer employed by the Village of Slaughter. Plaintiff further alleged that, in an attempt to cover up his beating of the plaintiff, Wheeler accused the plaintiff of the crime of simple battery of a police officer... Plaintiff alleged that Slaughter police officer Hamp Guillory, along with Wheeler, prepared a false police report which they knew would be relied upon by the prosecuting attorney. Plaintiff was subsequently charged with the crime of battery on a police officer, which charge is still pending."

6

*Guillory v. Wheeler*, 303 F.Supp.2d at 809.

Relying on *Heck*, the defendants moved for a stay of the proceedings pending the outcome of the on-going criminal prosecution.

The court then discussed the applicability of *Heck* to a pending criminal prosecution:

> Technically, *Heck* does not apply because the plaintiff has not been convicted, sentenced or imprisoned. Nonetheless, applying the *Heck* rationale to a pending conviction makes good sense as the court in [*Smith v. Holtz*, 87 F.3d 108, 113 (3rd Cir.1996)] explained, 'The Supreme Court in *Heck* balanced the principles and interests of section 1983 claims and the federal *habeas corpus* statute by holding that a section 1983 action is not the appropriate vehicle for challenging the validity of convictions and sentences. The express objectives of the Court's holding were to preserve consistency and finality, and to prevent a collateral attack on a conviction through a civil suit.' *Smith*, 87 F.3d at 113 (internal citations omitted). The *Smith* court then found that 'these concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.' *Id.* The court reasoned that if a civil action by a defendant in an ongoing criminal prosecution could proceed, there would be a potential for inconsistent determinations in the civil and criminal cases, and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. 'In terms of the conflict which *Heck* sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter.' *Id.* Because of these concerns, the court held that 'a claim that, if successful, would necessarily imply the invalidity of a conviction on a pending criminal charge is not cognizable under section 1983.' *Id.*
>
> The thrust of *Heck* is to bar civil actions which, if decided favorably to the plaintiff, would necessarily imply the invalidity of the prior conviction or sentence. When the section 1983 plaintiff has not yet been tried or convicted, then a favorable determination in the civil action would necessarily imply the invalidity of a subsequent conviction, and the *Heck* rationale should be applied. The *Heck* rationale bars a criminal defendant from seeking in a section 1983 case a determination of the alleged unlawfulness of

> actions which would render not only a prior conviction, but also a subsequent conviction invalid.
>
> Furthermore, prohibiting the plaintiff from proceeding with his section 1983 claims prior to the resolution of the pending criminal charge prevents the plaintiff from obtaining through discovery in the civil action information he could not obtain in the criminal case. For example, if this case were to proceed and the plaintiff conducted discovery, he could serve interrogatories and document requests on the defendants and take their depositions. No doubt those discovery devices would be used to uncover information which would likely be relevant and admissible in evidence at the criminal trial. However, such discovery devices are not available to the plaintiff as a defendant in the criminal case. *Guillory v. Wheeler*, 303 F.Supp.2d at 810.

The court then looked to the Fifth Circuit's analysis in *Mackey* and noted, "Although not clear, it appeared that plaintiff Mackey had been confined after his indictment but had not yet been tried or convicted. Consequently, the court could not determine whether *Heck* would, or would not apply." *Guillory*, at 810-911. The court then concluded, "Similarly to *Mackey*, the court cannot determine at this time how the plaintiff's excessive force claim would be affected by a criminal conviction." The court then stayed the proceedings.

In the case of *Faulkner v. McCormick*, 2002 WL 31465892 (E.D.La.11/1/2002), the court confronted the issue of *Heck's* application in those cases where the petitioner's state criminal conviction has been overturned but he still awaits retrial. In that case, the civil rights plaintiff had been convicted of murder. He successfully pursued federal *habeas* relief and the federal court ordered either the petitioner's release or retrial. The State elected retrial. With his retrial pending, petitioner filed a § 1983 suit against the past and present sheriffs of St. Tammany Parish and the detective who testified at trial against him, seeking monetary damages for his unlawful conviction. The civil rights defendants argued that *Heck* and progeny bar such civil rights

8

complaints where success in the § 1983 suit would imply the invalidity of the pending criminal prosecution. The court made the following observations:

> In *Heck v. Humphrey*, 512 U.S.477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a section 1983 plaintiff seeking to recover money damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction invalid, must prove that the conviction has either been reversed on appeal or called into question by the issuance of a writ of *habeas corpus*. The *Heck* Court emphasized that its holding grew out of a concern that a prisoner should not be permitted to collaterally attack a conviction by means of a civil suit brought under section 1983. *Id*. at 482, 114 S.Ct. at 2369-70. Thus, at the core of *Heck* is a proscription against allowing a civil tort suit to cast doubt on a criminal conviction. *Id.* at 487, 114 S.Ct. at 2372-73. Where no conflict exists between the conviction and the claims involved in the civil complaint, however, the section 1983 suit should be allowed to proceed. *Id.*
>
> Although *Heck* did not address the situation where a prisoner has had his conviction reversed but then faces retrial, the Fifth Circuit has squarely addressed that situation on more than one occasion. See, e.g., *Clay v. Allen*, 242 F.3d 679 (5th Cir.2001); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir.1996). <u>Cases like *Clay* and *Davis* demonstrate that there is no *per se* rule against allowing a 1983 suit that grew out of an invalid conviction to move forward when plaintiff faces retrial. Rather, applying *Heck*, the district court must look to the facts of the specific case at hand to determine whether a victory in the 1983 suit would impact the pending retrial or potentially lead to inconsistent results.</u> See *Clay*, 242 F.3d at 680. If no such conflict exists under the facts of the case, then the 1983 suit should go forward. See *id.* Where doubts exist, however, the district court has the discretion to stay the civil suit while the state criminal trial goes forward. *Davis*, 79 F.3d at 19 (citing *Heck*, 114 S.Ct. at 2373 n. 8)
>
> As Faulkner points out, the crucial inquiry in this motion for summary judgment is whether his section 1983 damage claims would 'challenge' any potential criminal conviction following the retrial. Faulkner's section 1983 suit is based upon Defendants' allegedly unlawful suppression of exculpatory evidence and alleged conspiracy to manufacture evidence. A victory on the

9

> *Brady* claims in the section 1983 suit would have no foreseeable impact on the retrial because Faulkner now has full knowledge of all the evidence and will have that evidence at his disposal during his second trial. Less clear, however, is the potential for conflict regarding the allegation that Defendants manufactured evidence of the crutch found next to the victim's body. Although Faulkner now has the benefit of the testimony of the Pearl River officers, first to arrive on the scene, who do not recall seeing a crutch, it is unclear whether the St. Tammany officers who later arrived nevertheless plan to testify that a crutch was in fact found at the scene. Thus, the Court is less clear as to whether a finding in the section 1983 suit that evidence of the crutch was manufactured would be inconsistent with the State's case during the retrial.
>
> Based on the foregoing, the Court declines to decide one way or the other at this time whether *Heck* and its progeny pose a bar to Faulkner's suit. If Faulkner is ultimately acquitted, it would seem that the prior reversal would permit him to freely pursue his claims. If he is ultimately convicted, however, the Court will then have to examine his complaint allegation by allegation to determine what claims, if any, might tend to cast doubt on his conviction.
>
> Therefore, out of an abundance of caution the Court concludes that a stay of this matter is warranted so that the retrial can go forward in state court without any concerns of conflict between the cases or potential for inconsistent results. Both parties agree that a stay is an acceptable disposition at this time. *Faulkner v. McCormick, supra,* at *2 - 3 (emphasis supplied).

The latest discussion concerning the application of *Heck* to pending criminal charges is found in *Bush v. Strain*, 2004 WL 1158038 (E.D.La. 5/24/2004). In that case, simple battery and resisting arrest charges were still pending against the civil rights plaintiff when she filed her § 1983 complaint seeking damages for the alleged beating she received at the hands of the arresting officers. The defendants filed a motion to dismiss arguing that plaintiff's claims were barred by *Heck*. Plaintiff opposed the motion and argued that *Heck* did not apply since she had not yet been convicted. *Bush v. Strain*, at *1 -2.

10

The court observed that "The Fifth Circuit Court of Appeals in *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995) appears to have addressed the *Heck*-bar in the context of pending charges. Although it is not clear, it appears that the plaintiff Mackey had been confined after his indictment but had not yet been tried or convicted. Consequently, the court could not determine whether *Heck* would or would not apply." *Bush*, at *3. Then, citing *Guillory v. Wheeler, supra*, the court noted that in that case, "...the issue of *Heck's* applicability to pending criminal charges was addressed, albeit in the context of a defense motion to stay further proceedings on Guillory's § 1983 false arrest and excessive force claims pending the resolution of the criminal charge for battery of a police officer. Noting out-of-circuit precedents holding that *Heck* applies to potential convictions on pending criminal charges, Guillory observed that, while *Heck* technically does not apply because the plaintiff has not been convicted, sentenced or imprisoned, it makes good sense to apply the rationale to a pending conviction. Nevertheless, the *Guillory* court opted to steer the course 'strongly suggested by the Fifth Circuit Court of Appeals' and stayed the proceedings until the pending criminal case was finally determined." *Bush* at *3.

The court then examined Faulkner and concluded, that, in the analysis of such cases, "...the district court must look to the facts of the specific case at hand to determine whether a victory in the 1983 suit would impact the pending retrial or potentially lead to inconsistent results. [citation omitted] If no such conflict exists under the facts of the case, then the 1983 suit should go forward. [citation omitted] Where doubts exist, however, the district court has the discretion to stay the civil suit while the state criminal trial goes forward. [citation omitted]" (*Id.*)

Based on the foregoing, the undersigned concludes that the *Heck* analysis does in fact apply to bar civil rights suits which call into question the validity of <u>pending</u> criminal charges.

11

The court also concludes that the Fifth Circuit's cautious approach, that is, the use of a stay as opposed to a dismissal, has been deemed appropriate in those instances where there exists uncertainty as to whether a victory in the civil rights suit would impact the pending criminal prosecution. The undersigned has also concluded that dismissal of the civil rights suit is an appropriate response when it is clear beyond any doubt that the plaintiff's victory in his civil rights claim would necessarily implicate the validity of the potential conviction.

In the instant case, the plaintiff does not contend that he was the victim of excessive force or other police misconduct. Indeed, his sole contention is that he is actually innocent of the charges that are pending against him and that the defendants' investigation should have confirmed his innocence. Under such circumstances, it is clear that his success in this suit would necessarily implicate the validity of the pending charges.

Thus, the undersigned concludes that the instant complaint need not be stayed; instead, plaintiff's claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. See *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE (to their being asserted again until the *Heck v. Humphrey* conditions are met)** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond

to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 11th day of August, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE